**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4238**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SHAMON MONAIR GOINS,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cr-00134-FDW-DSC-20)

Submitted: October 17, 2019                    Decided: October 21, 2019

Before MOTZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON & ASSOCIATES, PC, Virginia Beach, Virginia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamon Monair Goins pled guilty to conspiracy to participate in racketeering activity (RICO conspiracy), in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2012), and was sentenced to 210 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel discusses the correctness of the district court's decision to calculate Goins' Sentencing Guidelines range based on his conspiracy to commit second degree murder, pursuant to U.S. Sentencing Guidelines Manual (USSG) §§ 2A1.2(a), 2E1.1(a)(2) (2012). Goines has not filed a pro se supplemental brief despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380 (4th Cir. 2013). A RICO conspiracy conviction corresponds to a base offense level of 19 or the offense level applicable to the underlying racketeering activity—in this case, conspiracy to commit second degree murder. *See* USSG § 2E1.1(a) (2012). Section 2A1.2(a) provides for a base offense level of 38 if the murder would have constituted second degree murder, as defined in 18 U.S.C. § 1111 (2012). Section § 1111, in turn, defines first degree murder as "the unlawful killing of a human being with malice aforethought[,]" and defines second degree murder as "[a]ny other murder . . . ." The Government need only prove a cross-referenced offense by a preponderance of the evidence. *See United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012). After reviewing the evidence presented at Goins' sentencing hearing, we discern no error in the district

2

court's decision to apply the murder cross-reference in this case. *See, e.g., Rita v. United States*, 551 U.S. 338, 361-62 (2007) (recognizing that appellate courts must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, to accept the findings of fact of the district court unless they are clearly erroneous, and to give due deference to the district court's application of the guidelines to the facts" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Goins, in writing, of his right to petition the Supreme Court of the United States for further review. If Goins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*